■ In the Matter of the Liquidation of CONSOLIDATED MUTUAL INSURANCE COMPANY. HAROLD J. LEVY, on Behalf of Himself and All Others Similarly Situated, et al., Appellants; NEW YORK STATE SUPERINTENDENT OF INSURANCE, Respondent. —In a proceeding pursuant to Insurance Law article 74 for the liquidation of the Consolidated Mutual Insurance Com-

pany, its retired employees appeal from an order of the Supreme Court, Kings County (Shaw, J.), entered February 1, 1989, which, *inter alia,* granted the motion of the New York State Superintendent of Insurance, as liquidator, to confirm the report of a Special Referee which determined that the liquidator properly terminated certain of the claimants' life and health insurance benefits.

Ordered that the order is affirmed, without costs or disbursements.

The New York State Superintendent of Insurance, as statutory liquidator *(see,* Insurance Law § 7405) of the Consolidated Mutual Insurance Company (hereinafter the company), acting pursuant to a court order of liquidation, terminated all of the company's then existing contracts including the insurance contracts through which the company had arranged to provide postretirement health and life insurance benefits for the claimants. The claimants challenged the cancellation on the ground, among others, that their benefits were intended by the company to vest at retirement and to be nonterminable even in the event of the company's insolvency. We agree with the Supreme Court that the evidence presented fails to support the claimants' contention.

Employee welfare benefit plans, unlike pension plans, are expressly exempted from the automatic vesting requirement of the Federal Employee Retirement Income Security Act of 1974 (hereinafter ERISA; 29 USC § 1001 *et seq.; see, Moore v Metropolitan Life Ins. Co.,* 856 F2d 488; *Matter of White Farm Equip. Co.,* 788 F2d 1186). Because they do not vest as a matter of law, principles of contract law must be applied to determine whether the parties intended to create a nonterminable right to these benefits *(see, Anderson v Alpha Portland Indus.,* 836 F2d 1512; *Matter of White Farm Equip. Co., supra).* Upon this record, we discern no such intent.

In particular we note that the plans were unfunded and hence no separate asset exists to which the claimants can look to satisfy their claim. The "plans" were merely premium payments on an insurance contract and were made from annual operating revenues *(see, Levy v Lewis,* 635 F2d 960). Furthermore, we reject the claimants' contention that the company failed to adequately reserve its right to terminate these benefit plans. Assuming, as the claimants argue, that the reservation of rights clause printed in the back of the employee guidebook (the summary plan description) violated the technical disclosure requirements of ERISA *(see,* 29 USC § 1022 [b]), this clause together with the remainder of the

guidebook was sufficient to apprise the claimants that their health and life insurance plans were subject to termination by the company *(see,* 29 CFR 2520.102-2 [b]).

In any event, the court order of liquidation expressly authorized and indeed required the liquidator to terminate "all other subsisting contracts and other obligations of [the company]." Under Federal law, the agreement under which the subject benefits were provided is such a contract *(see, Anderson v Alpha Portland Indus., supra).* Therefore, the respondent was fulfilling its statutory and court-ordered duties when it terminated the benefits.

We have examined the claimants' remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.